UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE DESHAWN BARNES,

Plaintiff,

v.

T.V. NETWORK, et al.,

Defendants.

No. 1:20-cv-01331-NONE-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING PLAINTIFF'S COMPLAINT BE DISMISSED WITH PREJUDICE WITHOUT LEAVE TO AMEND

(ECF NO. 1)

TWENTY-ONE DAY DEADLINE

Plaintiff Antoine Deshawn Barnes ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 15, 2020. (ECF No. 1). The Complaint brings claims concerning alleged infringements on Plaintiff's intellectual property and likeness. The Court screened Plaintiff's complaint on September 28, 2020, found that it failed to state any claims, provided legal standards, and granted leave to amend. (ECF No. 7). On October 28, 2020, Plaintiff filed a response indicating he wished to stand on his complaint. (ECF No. 10). For the reasons that follow, the Court recommends that Plaintiff's complaint be dismissed with prejudice without leave to amend.

Plaintiff has twenty-one days to file objections, if any, to these findings and recommendations.

///

**I. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**II. ALLEGATIONS IN THE COMPLAINT**

Plaintiff's first claim alleges as follows:

> Petitioners voice, images, mimicks of icon nation wide "thumbs up creation" facial recognition, body, name, petitioner is asking for his due patent rights to

> be "immediately", "copy written based on nationwide T.V. network, President Trump, all movies, all T.V. shows, commercials, rap music videos, country music videos to pay Petitioner in cash sum of $20 million dollars for using Petitioners icon, signature, self made logo "thumbs up", 1 leg kick in the air, stick your tongue out, twerk dance creation. Petitioner asks of this court to engrave petitioner to full patent rights, full copy writes to full facial recognition, full body images, thumbs up creation that T.V. network captures all over the world on mimicking everything I showed an taught the whole world on bringing the whole world together by teaching each other to love one another, an not hate one another thru Petitioner's "thumbs up creation icon, Kings County Sheriffs in Hanford Jail on committing hate crimes, harassment on assisting white supremist inmates Todd Pate in Cell C4-33, an inmate Jonathan Harper.

Plaintiff's second claim alleges as follows:

> In cell C4-34 in Hanford County Jail to file false claims against T.V. Network for there own personal gain on trying to steal all patent rights, an copy writes that rightfully belong to Antoine Deshawn Barnes. Petitioner filed a "Petition" to patent an copy write, U.S. District Courts state, to receive relief Petitioner has to file a 1983 U.S.C. Statement came from U.S. District Court, 2500 Tulare St, Room 1501, Fresno, CA 93721. Petitioner moves of this U.S. District Court to certify, stamp, copy write, patent full name, icon "thumbs up" for T.V. Network is using Petitioners icon, style, thumbs up, facial recognitions of Antoine Deshawn Barnes for there own personal gain. Petitioner ask of this court thru prayer for relief to help Petitioner get a signed music contract with CEO "Cash Money Records on partial copy write, patent on summons to Cash Money Records, T.V. Network, an President Trump, an all nation wide news medias. In person, thanks, an God bless.

For both claims, Plaintiff alleges violations of his First, Fifth, Seventh, Tenth, and Fourteenth Amendment rights.

## III. ANALYSIS OF PLAINTIFF'S CLAIMS

Although Plaintiff alleges his constitutional rights were violated, Plaintiff does not name any constitutional rights. Instead, he discusses his patents and copyrights. Therefore, the Court will screen Plaintiff's complaint under patent and copyright laws.[1]

---

[1] Plaintiff alleges he was informed by this district that such a claim must be filed under 42 U.S.C. § 1983. The Court takes judicial notice of its own records in *Barnes v. Trump*, No. 1:20-cv-01126-NONE-JDP, 2020 WL 492299 (E.D. Cal. Aug. 21, 2020) and *Barnes v. Van Ness*, No. 1:20-cv-00625-NONE-EPG (PC), 2020 WL 4530176 (E.D. Cal. Aug. 26, 2020). Fed. R. Evid. 201(b); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980) (recognizing that under Federal Rule of Evidence 201, "a court may take judicial notice of its own records in other cases").

The first listed case was a *habeas corpus* petition. There, Plaintiff "s[ought] to patent, *inter alia*, his name, face, body, image, and 'thumbs up' logo. *See generally* ECF No. 1. Petitioner m[ade] no other claims for relief."

**A. Patent Claims**

Plaintiff seeks to patent and protect certain aspects of his likeness and for damages for infringement upon his patents. "The United States Patent and Trademark Office, subject to the policy direction of the Secretary of Commerce . . . shall be responsible for the granting and issuing of patents and the registration of trademarks[.]" 35 U.S.C. § 2(a).

District courts have limited jurisdiction over patent disputes. *Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 756 F.3d 327, 334 (5th Cir. 2014) ("The federal courts have no authority to adjudicate inventorship with respect to pending patents. Congress has explicitly vested the Patent and Trademark Office with sole discretion over the 'granting and issuing of patents.' " (quoting 35 U.S.C. § 2(a)(1)). Because Plaintiff does not allege that he has a patent, or even filed for one, the Court lacks jurisdiction to entertain any questions concerning the inventorship of his potential patents. *See id.* at 336 ("We hold, therefore, that until a patent has actually issued, any questions of inventorship are not justiciable outside of the Patent and Trademark Office."); *Display Research Labs., Inc. v. Telegen Corp.*, 133 F. Supp. 2d 1170, 1174 (N.D. Cal. 2001) ("Until a patent is issued, the Court's involvement would be premature and would encroach on the administrative function of the Commissioner.").

To the extent Plaintiff seeks to bring a patent infringement claim, Plaintiff fails to state a claim. Plaintiff has not alleged he owns any patent. "Except where there is a promise not to disclose confidential information about an invention (which is not the case here), there can be no infringement of a patent before the patent is issued." *Aluminum Extrusion Co. v. Soule Steel Co.*, 260 F. Supp. 221, 223 (C.D. Cal. 1966); *accord Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 751 (9th Cir. 1964) ("In view of our conclusion that the patent was invalid, we do not

---

*Barnes v. Trump*, 2020 WL 492299 at *1. The Court determined that Plaintiff's "claim is not cognizable on habeas review; he does not challenge the fact or duration of his custody, he has not alleged a violation of clearly established federal law, and he has not shown that success on his claim will lead to his earlier release. Accordingly, we recommend that the petition be summarily dismissed." *Id.* The Court did not state that his claims would be cognizable if brought pursuant to 42 U.S.C. § 1983.

The second citation above, signed by the undersigned, recommended denying Plaintiff's motion for injunctive relief that asked "the Court 'to protect full T.V. network, patent, an[d] copywrite [sic]' of Plaintiff's full name." *Barnes v. Van Ness*, 2020 WL 4530176 at *1 (alterations in original) (quoting Plaintiff's motion). The Court recommended denying that request because, among other things, "Plaintiff's request for injunctive relief appears to have no relationship to his claim against deputy Van Ness." The Court did not advise Plaintiff his claims could be brought pursuant to section 1983.

reach the issue of infringement. A valid patent is essential to such a claim.").

To the extent Plaintiff seeks to have the Court grant him a patent, Plaintiff fails to state a claim. District courts in the Ninth Circuit have no ability to grant patents that have been denied by the Patent and Trademark Office. 35 U.S.C. § 145 ("An applicant dissatisfied with the decision of the Patent Trial and Appeal Board in an appeal under section 134(a) may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, have remedy by civil action against the Director in the United States District Court for the Eastern District of Virginia if commenced within such time after such decision, not less than sixty days, as the Director appoints."); *Aetna Steel Prod. Corp. v. Sw. Prod. Co.*, 282 F.2d 323, 334 (9th Cir. 1960) ("If the applicant was entitled to a patent upon any of the claims rejected, his remedy was by way of appeal from the rejection. See §§ 141 through 146 of Title 35 U.S.C. Unless a rejection has been appealed to the Board of Appeals a district court is powerless to grant a patent, and only then if the Commissioner is made a party defendant and the action filed in the District of Columbia; but that is what the court below would be attempting had it found validity upon some claim other than the claim or claims awarded by the Patent Office. 35 U.S.C. § 145."); *Taylor v. U.S. Patent & Trademark Office*, No. C 12-03851 WHA, 2013 WL 244778, at *2 (N.D. Cal. Jan. 22, 2013), *aff'd*, 551 F. App'x 341 (9th Cir. 2013) ("An independent reason to deny the leave to amend is the District Court for the Northern District of California does not have jurisdiction over the plaintiff's claim. Patent applicants dissatisfied with a decision regarding their applications from the USPTO may appeal to the District Court for the Eastern District for Virginia or to the United States Court of Appeals for the Federal Circuit. 35 U.S.C. 134; 141; 145. Our court of appeals has stated that 'a district court is powerless to grant a patent.' Insofar that plaintiff seeks to have his patent application granted, this court is not the appropriate venue." (quoting *Aetna Steel Products Corp. v. Sw. Products Co.*, 282 F.2d 323, 334 (9th Cir. 1960)).

Therefore, Plaintiff fails to state any patent-related claims.

**B. Copyright Claims**

Plaintiff alleges that various of his copyrights have been infringed. To plead a copyright infringement case, a plaintiff "must plausibly allege two things: (1) that it owns a valid copyright

in the Subject Work, and (2) that Defendants copied protected aspects of the Subject Work's expression." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (cleaned up). "To plead ownership, [a plaintiff] must plausibly allege it owns a valid copyright registration for its work." *Id.*; *accord Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019) ("Before pursuing an infringement claim in court, however, a copyright claimant generally must comply with [17 U.S.C.] § 411(a)'s requirement that 'registration of the copyright claim has been made.' § 411(a).").

Plaintiff failed to follow the necessary pleading requirements—he does not allege he owns any copyrighted material, that those copyrights have been registered, and that any specific acts infringed upon Plaintiff's copyright. Therefore, he has failed to state a copyright infringement claim.

To the extent Plaintiff seeks a declaratory judgment concerning any copyrighted material, Plaintiff has also failed to state a claim.

> [A]n action for a declaratory judgment that a patent is invalid, or that the plaintiff is not infringing, presents a case or controversy if the plaintiff has a real and reasonable apprehension that he will be subject to liability if he continues to manufacture his product. The apprehension must have been caused by the defendant's actions. . . . *These same principles are applicable to declaratory relief actions which involve the validity or infringement of a copyright*.

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555–56 (9th Cir. 1989) (cleaned up) (emphasis added); *accord Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1075 (N.D. Cal. 2007) ("For a copyright action in the Ninth Circuit, a declaratory judgment plaintiff must (1) demonstrate a real and reasonable apprehension that she will be subject to liability if she continues to manufacture her product that (2) the defendant caused by its actions." (citing *id.*)).

Plaintiff has not alleged that he is manufacturing a product, that he has any real or reasonable apprehension that he will be subject to liability for continuing to manufacture any product, or that any defendant caused such apprehension. Therefore, Plaintiff has not stated a claim for declaratory relief with respect to any copyright.

///

**IV. LEAVE TO AMEND**

The Court finds that amendments to Plaintiff's claims would be futile. The Court lacks jurisdiction over Plaintiff's patent claims. Plaintiff chose not to amend his complaint with respect to his copyright claims, indicating he cannot allege any facts that would state a claim. Given the nature of Plaintiff's allegations—such as seeking to copyright a thumbs up—it seems unlikely that he could truthfully allege any such facts. Therefore, the Court finds that amending his copyright claims would be futile as well. Thus, the Court recommends not granting leave to amend.

**V. FINDINGS AND RECOMMENDATIONS**

The Court has screened Plaintiff's claims and found that he failed to state a claim. Given the nature of Plaintiff's allegations and Plaintiff's choice to stand on his complaint rather than file an amended complaint, the Court finds that amendments would be futile.

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. Plaintiff's complaint be dismissed for failure to state a claim, with prejudice, and without leave to amend; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2020**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE